# Exhibit K

# Exhibit K



# MEMORANDUM

**TO:**    Gary Brucker, Esquire
Attorney for Vielka McFarlane

**FROM:**    Meredith Patti, Esquire
Mary Cate Rush, Chief Statistician

**DATE:**    April 24, 2019

**SUBJECT:**    MCFARLANE – USSG §2B1.1 FEDERAL SENTENCING DATA ANALYSIS (FSDA)

Title 18 U.S.C. §3553(a)(6) directs that the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" be considered when imposing sentence. To this end, we were retained to prepare a data analysis to determine comparative sentences imposed on defendants most similar to Ms. McFarlane.

> *Ms. McFarlane pleaded guilty to Conspiracy in violation of 18 USC §371 and will be sentenced in United States District Court for the Central District of California. Ms. McFarlane is a Criminal History Category I (zero criminal history points) and is <u>not</u> expected to receive a substantial assistance downward departure pursuant to USSG §5K1.1. Ms. McFarlane is scored according to USSG §2B1.1. According to her Presentence Investigation Report (PSR), Ms. McFarlane's guideline calculation is as follows: +6 Base Offense Level; +16 Loss of more than $1.5 Million but less than $3.5 Million; +2 Abuse of Trust [USSG §3B1.3]; and -3 Acceptance of Responsibility. This yields a Total Offense Level of 21 (37-46 months of imprisonment).*

### THE USSC DATABASE

The United States Sentencing Commission (USSC) maintains a comprehensive, computerized data collection system of federal sentencing information. Pursuant to 28 USC § 994(w) each chief judge of a district is required to ensure that within 30 days after entry of judgment in a criminal case the sentencing court submits a report of the sentence to the Commission that includes: (1) the judgment and commitment order; (2) the statement of reasons (including the reasons for any departures or variances); (3) any plea agreement; (4) the indictment or other charging document; (5) the presentence report; and (6) any other information the Commission needs.

*McFarlane Analysis*
*April 24, 2019*
*Page 2*

This collection contains information on federal criminal cases sentenced under the Sentencing Guidelines and Policy Statements of the Sentencing Reform Act of 1984. The data files included in this study contain all cases received by the USSC that were sentenced between October 1, 1998 and September 30, 2017. United States Federal Courts handled over 1.3 million criminal cases between the fiscal years 1999 and 2017. The USSC estimates that 99% of all cases are included in this dataset.

## DATA ANALYSIS

**STEP 1:** For purposes of this analysis, we utilized the data sets for fiscal years 2002-2017 (see Step 3 for detailed explanation).

**STEP 2:** Selected cases to include only those where the information related to a defendant's guideline calculation(s) represented known court findings. That is, only those cases where the court either agreed with the probation officer's calculations of the sentencing guidelines or where the court clearly documented any changes it made to a defendant's guideline calculation. Total cases = 1,046,195. (This represents approximately 87% of all cases.)

**STEP 3:** Beginning in the November 2001 Guidelines Manual significant changes were made to USSG §2B1.1. Most notably, there were numerous changes made to the loss table in USSG §2B1.1. In order to capture those cases most similar to the guideline under which Ms. McFarlane is scored, we selected only those cases where the defendant was scored according to a 2001 or later Guidelines Manual. Further, we selected only those cases where the defendant's statutory guideline was either USSG §2B1.1 or USSG §2X1.1 and USSG §2B1.1 was used to calculate the defendant's guideline scoring.

- ➢ **929,774 cases Deleted**
- ➢ **116,421 cases Remain**

**STEP 4:** According to Ms. McFarlane's Presentence Investigation Report she is a Criminal History Category I and has no criminal history points. Deleted those cases where the defendant was not a Criminal History Category I or was a Criminal History Category I but had a criminal history point.

> ➢ **47,884 cases Deleted**
> ➢ **68,537 cases Remain**

**STEP 5:** Ms. McFarlane entered into a plea agreement. Deleted those cases where the defendant was convicted after trial or the mode of conviction information was missing.

> ➢ **3,432 cases Deleted**
> ➢ **65,105 cases Remain**

**STEP 6:** Ms. McFarlane's statute of conviction does not require a mandatory minimum sentence. Deleted those cases where the defendant's statute(s) of conviction required a mandatory minimum sentence or the information related to a mandatory minimum sentence was missing.

> ➢ **2,321 cases Deleted**
> ➢ **62,784 cases Remain**

**STEP 7:** Examined each case to determine if it contained missing or incomplete sentencing information. Deleted those cases that contained missing or incomplete sentencing information.

> ➢ **55 cases Deleted**
> ➢ **62,729 cases Remain**

**STEP 8:** Examined each case to determine if it contained missing or incomplete loss information. Deleted those cases that contained missing or incomplete loss information.

> ➢ **25 cases Deleted**
> ➢ **62,704 cases Remain**

*McFarlane Analysis*
*April 24, 2019*
*Page 4*

**STEP 9:**   It is our understanding that Ms. McFarlane will <u>not</u> receive a downward departure pursuant to USSG §5K1.1. Examined each case to determine if any of these defendants received a USSG §5K1.1 downward departure. Deleted those where the defendant received a downward departure pursuant to USSG §5K1.1.

> ➢ **9,176 cases Deleted**
> ➢ **53,528 cases Remain**

**STEP 10:**   Ms. McFarlane pleaded guilty to violating 18 USC §371. Deleted those cases where the defendant's statute of conviction was not 18 USC §371 (and only that statute).

> ➢ **49,789 cases Deleted**
> ➢ **3,739 cases Remain**

**STEP 11:**   For these 3,739 cases, calculated how many defendants were sentenced to a term of imprisonment versus those receiving a probationary/fine only sentence or a sentence of time served and determined the average sentence imposed for each loss category (see Table A).

4816 Twinbrook Road Fairfax VA 22032 ● office 703-971-0217 ● fax 703-539-1030
info@MCMDataConsulting.com

*McFarlane Analysis*
*April 24, 2019*
*Page 5*

**FINDINGS**

| Table A - Guilty Pleading, Criminal History Category I Defendants (Zero Criminal History Points) Scored According to USSG §2B1.1 Who Violated 18 USC §371 (only) Who Did Not Receive a USSG §5K1.1 Downward Departure National – FY 2002-2017 | | | | | |
|---|---|---|---|---|---|
| **Level Increase for Loss** | **Total Cases** | **Probation/ Fine Only** | **Prison** | **Time Served (term unspecified)** | **Average Sentence[1]** |
| 0-4 | n=1,172 | 891 (76.0%) | 273 (23.3%) | 8 (0.7%) | 1.7 MO |
| 6 | n=488 | 275 (56.4%) | 204 (41.8%) | 9 (1.8%) | 3.9 MO |
| 8 | n=372 | 134 (36.0%) | 226 (60.8%) | 12 (3.2%) | 7.0 MO |
| 10 | n=320 | 92 (28.8%) | 221 (69.1%) | 7 (2.2%) | 10.4 MO |
| 12 | n=367 | 84 (22.9%) | 276 (75.2%) | 7 (1.9%) | 15.6 MO |
| 14 | n=415 | 88 (21.2%) | 322 (77.6%) | 5 (1.2%) | 19.6 MO |
| 16 | n=278 | 27 (9.7%) | 245 (88.1%) | 6 (2.2%) | 28.9 MO |
| 18 | n=156 | 12 (7.7%) | 144 (92.3%) | 0 (0.0%) | 35.8 MO |
| 20 | n=106 | 7 (6.6%) | 95 (89.6%) | 4 (3.8%) | 40.6 MO |
| 22 | n=24 | 3 (12.5%) | 21 (87.5%) | 0 (0.0%) | 41.9 MO |
| 24 and Over | n=41 | 1 (2.4%) | 39 (95.1%) | 1 (2.4%) | 46.7 MO |
| All Cases | n=3,739 | 1,614 (43.2%) | 2,066 (55.3%) | 59 (1.6%) | 11.9 MO |

NOTE: Percentages may not equal 100% due to rounding.

---

[1] Those defendants sentenced to Time Served (where the amount of time is not specified) were excluded. The USSC data files do not contain the precise amount of time those defendants sentenced to Time Served actually served. Therefore, these defendants cannot be included in the calculation of an average sentence. Further, defendants sentenced to probation or fine only are counted as zero months for purposes of this calculation.

- As shown in Table A, there were 278 defendants who violated 18 USC §371 (only) and received a 16-level increase for loss. Of these 278 defendants, 27 defendants (9.7%) received a probationary sentence, 245 defendants (88.1%) were sentenced to a term of imprisonment, and 6 defendants (2.2%) were sentenced to Time Served. The average sentence imposed on these 272 defendants[2] was 28.9 months of imprisonment.

  - Of the 278 defendants who violated 18 USC §371 (only) and received a 16-level increase for loss, 45 defendants were sentenced in the **Ninth Circuit**. Of these 45 defendants, 2 defendants (4.4%) received a probationary sentence, 42 defendants (93.3%) were sentenced to a term of imprisonment, and 1 defendant (2.2%) was sentenced to Time Served. The average sentence imposed on these 44 defendants[3] was 30.8 months of imprisonment.

**Precise Guideline Calculation**

- According to Ms. McFarlane's Presentence Investigation Report, she is scored as follows: +6 Base Offense Level; +16 Loss of more than $1.5 Million but less than $3.5 Million; +2 Abuse of Trust [USSG §3B1.3]; and -3 Acceptance of Responsibility.

- Of the 278 defendants who violated 18 USC §371 (only) and received a 16-level increase for loss, 14 of these defendants had precisely the same scoring as the scoring contained in Ms. McFarlane's PSR. Of these 14 defendants, 1 defendant (7.1%) received a probationary sentence and 13 defendants (92.9%) were sentenced to a term of imprisonment. The average sentence imposed on these 14 defendants was 22.1 months of imprisonment. None of these 14 defendants were sentenced in the Ninth Circuit.

- For the 14 defendants who violated 18 USC §371 (only) and scored precisely the same as the scoring contained in Ms. McFarlane's PSR, we tallied the total number of cases where the defendant received a sentence below the applicable guideline range, within the applicable guideline range, or above the applicable guideline range. Table B illustrates these findings.

---

[2] For purposes of this calculation, the 6 defendants sentenced to Time Served (term unspecified) were excluded because the precise amount of time these defendants served is unknown.

[3] For purposes of this calculation, the 1 defendant sentenced to Time Served (term unspecified) was excluded because the precise amount of time this defendant served is unknown.

**Table B**
**Guilty Pleading, Criminal History Category I Defendants**
**(Zero Criminal History Points)**
**Scored According to USSG §2B1.1**
**Who Violated 18 USC §371 (only)**
**Who Did Not Receive a USSG §5K1.1 Downward Departure**
**+6 Base; +16 Loss; +2 Abuse of Trust; -3 Acceptance of Responsibility**
**National – FY 2002-2017**

| Category | No. of Cases | Percentage |
|---|---|---|
| Below Guideline Range | 11 | 78.6% |
| Within Guideline Range | 3 | 21.4% |
| Above Guideline Range | 0 | 0.0% |
| **Total** | **14** | **100.0%** |

NOTE: Percentages may not equal 100% due to rounding.

- For the 11 defendants who received a sentence below the advisory guideline range, courts departed on average 19.4 months below the guideline minimum.

**FINDINGS – DEFENDANT'S POSITION ON LOSS**

- It is our understanding that Ms. McFarlane contends that although a 16-level increase for loss is the correct loss level increase, the Court should also take into consideration the monies she has already repaid to her victims. It is our further understanding that Ms. McFarlane has made significant progress in repaying her victims and currently owes approximately $225,000 in unpaid restitution (this corresponds with a 10-level increase in USSG §2B1.1's loss table). As such, Ms. McFarlane has requested that we analyze the sentences imposed on similar defendants who received a 10-level increase for loss.

- As shown in Table A, there were 320 defendants who violated 18 USC §371 (only) and received a 10-level increase for loss. Of these 320 defendants, 92 defendants (28.8%) received a probationary sentence, 221 defendants (69.1%) were sentenced to a term of imprisonment, and 7 defendants (2.2%) were sentenced to Time Served. The average sentence imposed on these 313 defendants[4] was 10.4 months of imprisonment.

---

[4] For purposes of this calculation, the 7 defendants sentenced to Time Served (term unspecified) were excluded because the precise amount of time these defendants served is unknown.

*McFarlane Analysis*
*April 24, 2019*
*Page 8*

- Of the 320 defendants who violated 18 USC §371 (only) and received a 10-level increase for loss, 35 defendants were sentenced in the **Ninth Circuit**. Of these 35 defendants, 8 defendants (22.9%) received a probationary sentence and 27 defendants (77.1%) were sentenced to a term of imprisonment. The average sentence imposed on these 35 defendants was 11.4 months of imprisonment.

**Guideline Calculation for 10-Level Increase for Loss**

- Assuming the Court considers Ms. McFarlane's amount of loss to be increased by 10-levels, her guideline scoring would be as follows: +6 Base Offense Level; +10 Loss of more than $150,000 but less than $250,000; +2 Abuse of Trust [USSG §3B1.3]; and -3 Acceptance of Responsibility.

- Of the 320 defendants who violated 18 USC §371 (only) and received a 10-level increase for loss, 19 of these defendants had precisely the same scoring as the scoring Ms. McFarlane hopes the Court will consider. Of these 19 defendants, 3 defendants (15.8%) received a probationary sentence and 16 defendants (84.2%) were sentenced to a term of imprisonment. The average sentence imposed on these 19 defendants was 12.7 months of imprisonment.

  - Of these 19 defendants, 1 defendant was sentenced in the **Ninth Circuit**. This defendant was sentenced to 12 months of imprisonment.

- For the 19 defendants who violated 18 USC §371 (only) and scored precisely the same as the scoring Ms. McFarlane hopes the Court will consider, we tallied the total number of cases where the defendant received a sentence below the applicable guideline range, within the applicable guideline range, or above the applicable guideline range. Table C illustrates these findings.

*McFarlane Analysis*
*April 24, 2019*
*Page 9*

| Table C<br>**Guilty Pleading, Criminal History Category I Defendants**<br>**(Zero Criminal History Points)**<br>**Scored According to USSG §2B1.1**<br>**Who Violated 18 USC §371 (only)**<br>**Who Did Not Receive a USSG §5K1.1 Downward Departure**<br>**+6 Base; +10 Loss; +2 Abuse of Trust; -3 Acceptance of Responsibility**<br>**National – FY 2002-2017** | | |
|---|---|---|
| **Category** | **No. of Cases** | **Percentage** |
| Below Guideline Range | 10 | 52.6% |
| Within Guideline Range | 9 | 47.4% |
| Above Guideline Range | 0 | 0.0% |
| **Total** | **19** | **100.0%** |

NOTE:  Percentages may not equal 100% due to rounding.

- For the 10 defendants who received a sentence below the advisory guideline range, courts departed on average 12.0 months below the guideline minimum.

FINDINGS –LOSS BASED ON PERSONAL EXPENSES

- Ms. McFarlane requested that we analyze the sentences imposed on similar defendants using her personal expenses as the loss amount ($67,181.15 which is a 6-level increase for loss).

- As shown in Table A, there were 488 defendants who violated 18 USC §371 (only) and received a 6-level increase for loss. Of these 488 defendants, 275 defendants (56.4%) received a probationary sentence, 204 defendants (41.8%) were sentenced to a term of imprisonment, and 9 defendants (1.8%) sentenced to Time Served.  The average sentence imposed on these 479 defendants[5] was 3.9 months of imprisonment.

    - Of the 488 defendants who violated 18 USC §371 (only) and received a 6-level increase for loss, 35 defendants were sentenced in the **Ninth Circuit**. Of these 44 defendants, 25 defendants (56.8%) received a probationary sentence, 17

---

[5] For purposes of this calculation, the 9 defendants sentenced to Time Served (term unspecified) were excluded because the precise amount of time these defendants served is unknown.

4816 Twinbrook Road Fairfax VA 22032 ● office 703-971-0217 ● fax 703-539-1030
info@MCMDataConsulting.com

*McFarlane Analysis*
*April 24, 2019*
*Page 10*

defendants (38.6%) were sentenced to a term of imprisonment, and 2 defendants (4.5%) were sentenced to Time Served. The average sentence imposed on these 42 defendants[6] was 3.4 months of imprisonment.

**Guideline Calculation for 6-Level Increase for Loss**

- If the Court considers Ms. McFarlane's personal expenses to be the amount of loss, her guideline scoring would be as follows: +6 Base Offense Level; +6 Loss of more than $150,000 but less than $250,000; +2 Abuse of Trust [USSG §3B1.3]; and -2 Acceptance of Responsibility (Total Offense Level 12).

- Of the 488 defendants who violated 18 USC §371 (only) and received a 6-level increase for loss, 12 of these defendants had precisely the same scoring as the scoring Ms. McFarlane would have if the Court determined loss was the amount of her personal expenses. Of these 12 defendants, 5 defendants (41.7%) received a probationary sentence and 7 defendants (58.3%) were sentenced to a term of imprisonment. The average sentence imposed on these 12 defendants was 3.4 months of imprisonment.

    - Of these 12 defendants, 2 defendants were sentenced in the **Ninth Circuit**. Both of these defendants received probationary sentences.

- If the Court determines Ms. McFarlane did not abuse a position of trust, her guideline scoring would consist of the following factors: +6 Base Offense Level; +6 Loss of more than $150,000 but less than $250,000; and -2 Acceptance of Responsibility (Total Offense Level 10).

- Of the 488 defendants who violated 18 USC §371 (only) and received a 6-level increase for loss, 220 of these defendants had the following scoring: +6 Base Offense Level; +6 Loss of more than $150,000 but less than $250,000; and -2 Acceptance of Responsibility (Total Offense Level 10). Of these 220 defendants, 165 defendants (75.0%) received a probationary sentence, 51 defendants (23.2%) were sentenced to a term of imprisonment, and 4 defendants (1.8%) were sentenced to Time Served. The average sentence imposed on these 216 defendants[7] was 1.3 months of imprisonment.

---

[6] For purposes of this calculation, the 2 defendants sentenced to Time Served (term unspecified) were excluded because the precise amount of time these defendants served is unknown.

[7] For purposes of this calculation, the 4 defendants sentenced to Time Served (term unspecified) were excluded because the precise amount of time these defendants served is unknown.

*McFarlane Analysis*
*April 24, 2019*
*Page 11*

- Of these 220 defendants, 15 defendants were sentenced in the **Ninth Circuit**. Of these 15 defendants, 10 defendants (66.7%) received a probationary sentence and 5 defendants (33.3%) were sentenced to a term of imprisonment. The average sentence imposed on these 15 defendants was 1.3 months of imprisonment.